**Llukan GJIKA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74361.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

Anthony D. Agpaoa, Esq., Law Offices of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**604**

MEMORANDUM **

Llukan Gjika, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the BIA's factual determination that Gjika did not qualify for an exception to the one-year deadline for filing his asylum application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005).

We have jurisdiction over Gjika's remaining claims under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), we deny the claims.

Substantial evidence supports the BIA's denial of Gjika's withholding of removal claim because he did not establish that it is more likely than not that he will be persecuted in Albania. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001).

Because he did not present any evidence to establish that it is more likely than not that the Albanian government would torture him or demonstrate "willful blindness" to his torture by third parties, Gjika's request for protection under CAT also fails. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003).

Gjika's claim that the admission of the asylum officer's report violates his due process rights fails because there is sufficient evidence in the record to support the BIA's conclusions, and therefore Gjika was not prejudiced by the admission. *See Lo-*

*pez–Umanzor v. Gonzales,* 405 F.3d 1049, 1058 (9th Cir.2005).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

